# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARKUS HOLLINGSWORTH,** | ) | |
| Plaintiff, | ) | Civil Action No. 13-59Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **COMMONWEALTH OF** | ) | |
| **PENNSYLVANIA,** | ) | Magistrate Judge Baxter |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e) and the motion for leave to proceed *in forma pauperis* [ECF No. 1] be dismissed as moot.

**II.   REPORT**

**A.  Procedural History**

This civil action was filed in this Court on February 20, 2013. Plaintiff, acting *pro se*, brought this civil rights action alleging that his due process rights were violated at the time of his conviction for criminal trespass in May of 2006. The only Defendant named is the Commonwealth of Pennsylvania. Plaintiff seeks leave to proceed *in forma pauperis* in this matter. See ECF No. 1.

1

## B. Standards of Review

### 1) Screening

A district court is required to review a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is seeking leave to proceed *in forma pauperis* and is seeking redress from the government.

### 2) Failure to State a Claim

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California

2

Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

### C. The Named Defendant

The only named Defendant to this action is the Commonwealth of Pennsylvania. The

Commonwealth is not a "person" against whom a civil rights action may be brought under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment proscribes actions in the federal courts against states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977)(state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) citing Alabama v. Pugh, 438 U.S. 781 (1978). No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538, at *1 n.2 (E.D.Pa.) nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, 1998 WL 151803 at *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table). See also 42 Pa.C.S. § 8521(b); Chittister v. Dep't of Community & Economic Development, 226 F.3d 223, 226 (3d Cir. 2000) ("The legislature has directed that the Commonwealth retains its sovereign immunity. See 1 Pa.Cons.Stat.Ann. § 2310 (West Supp. 2000) ( "[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth ... shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.")").

Accordingly, this case should be dismissed as frivolous.

### D. Futility of Amendment

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant

4

the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In the present case, allowing such an amendment would be futile for several reasons. Any individual member of the court[1] or the prosecution[2] enjoys the benefits of immunity. Moreover, Plaintiff's claims are likely precluded by either the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny, or alternatively, by the Rooker-Feldman doctrine. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (outlining the four requirements for the application of the Rooker-Feldman doctrine: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the

---

[1] Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 ( 1991). Judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 465 U.S. 349 (1978); Piskanin v. Hammer, 2005 WL 613644 (E.D. Pa. 2005)(applying judicial immunity to "district justice"). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman, 435 U.S. at 356. Additionally, quasi-judicial officers, who act in accordance with their duties or at the direction of a judicial officer, are also immune from suit. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000) (court administrator entitled to immunity for release of information ordered by a judge); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969) (holding that prothonotary, acting under court direction, was immune from suit). The doctrine of absolute quasi- judicial immunity has been applied to court support personnel due to "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992).

[2] A prosecuting attorney acting in a quasi-judicial role is relieved from liability for acts "intimately associated with the judicial phase of the criminal process," including "initiating a prosecution and ... presenting the State's case." Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) quoting Imbler v. Pachtman, 424 U.S. 409 (1976). Even the "deliberate withholding of exculpatory information is included within the legitimate exercise of prosecutorial discretion." Yarris, 465 F.3d at 137, quoting Imbler, 424 U.S. at 431-32 n. 34. See also Smith v. Holtz, 210 F.3d 186, 199 n. 18 (3d Cir. 2000)(finding that a prosecutor's decision not to disclose exculpatory evidence to defendant's counsel was protected under absolute prosecutorial immunity).

federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.").

III. **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e) and the motion for leave to proceed *in forma pauperis* [ECF No. 1] be dismissed as moot.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 21, 2013