**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MARKUS HOLLINGSWORTH,    )
    )
    Plaintiff,    )
    )    Civil Action No. 13-59 Erie
    v.    )
    )
COMMONWEALTH OF    )
PENNSYLVANIA,    )
    )
    Defendant.    )

<u>MEMORANDUM ORDER</u>

This civil rights action was received by the Clerk of Court on February 20, 2013 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation [ECF No. 2], filed on February 21, 2013, recommended that the action be dismissed as legally frivolous in accordance with 28 U.S.C. § 1915(e) and that the Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 1] be dismissed as moot. Plaintiff was allowed fourteen (14) days from the date of service to file Objections, and Objections were filed on February 27, 2013. [ECF No. 3]. After <u>de novo</u> review of the documents in the case, together with the Report and Recommendation and Objections thereto, I agree that the action should be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e). I write separately however, to clarify the procedure for evaluating motions to proceed *in forma pauperis*.

The Magistrate Judge examined the merits of the Complaint and did not rule on the *in forma pauperis* motion. Evaluating motions to proceed *in forma pauperis* under 28 U.S.C. § 1915 however, is a two-step process. *See Roman v. Jeffes*, 904 F.2d 192,

1

194 n.1 (3rd Cir. 1990).  "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous."  *Id.* (citing *Sinwell v. Shapp*, 536 F.2d 15 (3rd Cir. 1976)); *Schneller v. Abel Home Care, Inc.*, 389 Fed. Appx. 90, 92 (3rd Cir. 2010), *cert. denied*, ___ U.S. ___, 131 S.Ct. 1477, 179 L.Ed.2d 302 (2011).  Therefore, only after the district court grants the request to proceed *in forma pauperis* may it dismiss the complaint as legally frivolous. *See Jackson v. Brown*, 460 Fed. Appx. 77, 79 n.2 (3d Cir. 2012) ("As a procedural matter, therefore, the District Court should have addressed Jackson's IFP motion before dismissing the complaint as frivolous, rather than deny the IFP motion as moot after dismissal."); *Spuck v. Fredric*, 414 Fed. Appx. 358, 359 (3d Cir.) ("When a complaint is submitted along with an IFP application, the complaint is not deemed filed unless and until IFP status is granted. … In that situation, the District Court must first rule on the IFP application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B)."), *cert. dismissed*, 132 S.Ct. 781 (2011).

Here, the Plaintiff's *in forma pauperis* motion states that he is currently unemployed, has no cash in a checking or savings account, and does not own any property.  [ECF No. 1].  Plaintiff further states that he has student loan debts.  *Id*.  Based on these averments, I find that Plaintiff is without sufficient funds to pay the costs and fees of the proceeding, and accordingly, his Motion for Leave to Proceed *In Forma Pauperis* will be granted.

AND NOW, this 11th day of April, 2013;

IT IS HEREBY ORDERED that the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 1] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e).

The Report and Recommendation [ECF No. 2] of Magistrate Judge Baxter, filed on February 21, 2013, is adopted as supplemented herein as the Opinion of the Court.

The Clerk is directed to mark the case closed.


s/   Sean J. McLaughlin
United States District Judge


cm:   All parties of record
Susan Paradise Baxter, U.S. Magistrate Judge